# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| DARRELL TATUM, | No. ED CV 11-01036-PSG (VBK) |
| Petitioner, | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS FOR LACK OF SUBJECT MATTER JURISDICTION |
| v. | |
| GARY SANDOR, | |
| Respondent. | |

On July 5, 2011, Darrell Tatum (hereinafter referred to as "Petitioner") filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," pursuant to 28 U.S.C. §2254 in the United States District Court for the Central District of California. Petitioner was convicted by a jury in the Riverside County Superior Court in December of 1995 of carjacking, unlawful taking of a vehicle, transportation of cocaine base, flight from a peace officer with reckless driving, and resisting arrest. In February of 1996, Petitioner was sentenced to 26 years in state prison. (See Petition at 2; attached pages.) Petitioner has raised the following claims in the within Petition: (1) trial counsel advised Petitioner to bifurcate the trial on the prior enhancement issues by the trial judge; (2) ineffective assistance of

appellate counsel; (3) the California Supreme Court granted Petition for Review and denied 10 days after en banc; (4) Petitioner filed a habeas corpus in California Supreme Court; and (5) Petitioner received a fundamentally unfair trial and a miscarriage of justice due to a breach of contract. (See Petition at 5-6.)

It appears from the face of the Petition that it is directed to the same 1995 Riverside County Superior Court conviction as a prior habeas petition filed by Petitioner in this Court on March 15, 1999 in Case No. ED CV 99-00281-RT (CT).[1] On January 24, 2000, Judgment was entered in Case No. ED CV 99-00281-RT (CT), denying the petition and dismissing the action with prejudice, pursuant to the District Judge's Order approving and adopting the Magistrate Judge's Report and Recommendation.

The Petition now pending is governed by the provisions of the Antiterrorism and Effective Death Penalty Act of 1996 (Pub. L. 104-132, 110 Stat. 1214)("the Act"), which became effective April 24, 1996. Section 106 of the Act amended 28 U.S.C. §2244(b) to read, in pertinent part, as follows:

> "(1) A claim presented in a second or successive habeas corpus application under section 2254 that was presented in a

---

[1] The Court takes judicial notice of its own files and records and notes that on March 15, 1999, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody," which was given Case No. ED CV 99-00281-RT (CT). In this Petition, Petitioner raised the following claims: (1) unlawful vehicle taking is a lesser included offense of carjacking; (2) Petitioner's due process rights were violated by the trial court's failure to instruct the jury that carjacking requires more force than that necessary to take a car; (3) Petitioner's due process rights were violated as a result of the trial court instructing the jury with the December 1994 revision of CALJIC No. 2.90; and (4) Petitioner's due process rights were violated by counsel's failure to object and preserve claim on appeal. (Petition at 6-7.)

|   |   |
|---|---|
| 1 | prior application shall be dismissed unless-- |
| 2 | (2) (A) the applicant shows that the claim relies on a new |
| 3 | rule of constitutional law, made retroactive to cases on |
| 4 | collateral review by the Supreme Court, that was previously |
| 5 | unavailable; or |
| 6 | (B)(I) the factual predicate for the claim could |
| 7 | not have been discovered previously through the exercise of |
| 8 | due diligence; and |
| 9 | (ii) the facts underlying the claim, if proven and |
| 10 | viewed in light of the evidence as a whole, would be |
| 11 | sufficient to establish by clear and convincing evidence |
| 12 | that, but for constitutional error, no reasonable factfinder |
| 13 | would have found the applicant guilty of the underlying |
| 14 | offense. |
| 15 | (3)(A) <u>Before a second or successive application permitted |
| 16 | by this section is filed in the district court, the applicant |
| 17 | shall move in the appropriate court of appeals for an order |
| 18 | authorizing the district court to consider the application</u>." |
| 19 | (Emphasis added.) |
| 20 |   |
| 21 | The Petition now pending constitutes a second and/or successive |
| 22 | petition challenging the same conviction as Petitioner's prior habeas |
| 23 | petitions, within the meaning of 28 U.S.C. §2244(b). Thus, it was |
| 24 | incumbent on Petitioner under §2244(b)(3)(A) to secure an order from |
| 25 | the Ninth Circuit authorizing the District Court to consider the |
| 26 | Petition, prior to his filing of it in this Court. Petitioner's |
| 27 | failure to do so deprives the Court of subject matter jurisdiction. |
| 28 | For the foregoing reasons, **IT IS ORDERED** that this action be |

summarily dismissed pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: July 22, 2011

_____
PHILIP S. GUTIERREZ
UNITED STATES DISTRICT JUDGE

Presented on
July 18, 2011 by:

_____/s/_____
VICTOR B. KENTON
UNITED STATES MAGISTRATE JUDGE

4